**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

------------------------------------------------------- X
In re:                                              :    Chapter 11
                                                    :
HEBREW HEALTH CARE, INC., *et al*[1],               :    Case Nos. 16-21311 (AMN)
                                                    :    through 16-21314 (AMN)
                                                    :    and 16-21334 (AMN)
    Debtors                                         :    (Jointly Administered)
------------------------------------------------------- X

### APPLICATION FOR AN ORDER APPROVING EMPLOYMENT OF ZEISLER & ZEISLER, P.C. AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of Hebrew Health Care, Inc., and its affiliated debtors and debtors-in-possession, hereby apply for an order pursuant to Sections 328 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain Zeisler & Zeisler, P.C. ("Z&Z") as counsel to the Committee in the above-captioned cases as of August 30, 2016. In support of this Application, the Committee respectfully represents as follows:

1.    On August 15, 2016 (the "Petition Date"), Hebrew Health Care, Inc.; Hebrew Life Choices, Inc.; Hebrew Community Services, Inc.; Hebrew Home and Hospital, Incorporated and CT Geriatric Specialty Group, P.C. (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut.

---

[1] Hebrew Health Care, Inc., Case No. 16-21311, Hebrew Life Choices, Inc., Case No. 16-21312, Hebrew Community Services, Inc., Case No. 16-21313; Hebrew Home and Hospital, Incorporated, Case No. 16-21314 and CT Geriatric Specialty Group, P.C., Case No. 16-21334.

2. The Debtors continue in possession of their businesses and assets as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction to consider this Application pursuant to Sections 157 and 1334 of Title 28 of the United States Code. Venue is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code. This is a cores proceeding pursuant to Section 157(b)(2) of the United States Code. The statutory basis for the relief requested herein is Section 1103 of the Bankruptcy Code.

4. On August 30, 2016, the United States Trustee for the District of Connecticut appointed the Committee.

5. On August 30, 2016, a meeting of the Committee was conducted in which the members of the Committee participated. At that meeting, the Committee voted to engage Z&Z to serve as counsel to the Committee.

6. The Committee believes that Z&Z possesses the knowledge and expertise in the areas of law relevant to these cases and is well qualified to represent the Committee.

7. Z&Z will perform those services which are appropriate to be performed by counsel for a creditors committee, including the following:

    a. Participating in certain meetings of the Committee;

    b. Meeting with representatives of the Debtors and their professionals;

    c. Advising the Committee regarding proceedings in this Court;

    d. Preparing, filing, and prosecuting certain pleadings in this Court;

    e. Participating in hearings in this Court;

    f. Monitoring the Debtors' activities;

   g. Assisting the Committee in maximizing the value to be realized for unsecured creditors from the Debtors' assets by sale or otherwise;

   h. Assisting the Committee in formulation and negotiation of a plan of reorganization and advising creditors of the Committee's recommendation with respect to any such plan; and

   i. Prosecuting of possible causes of action as may be appropriate.

  8. The Committee requests that all legal fees and costs and expenses incurred by the Committee on account of services rendered by Z&Z in these cases be paid as administrative expenses of the estates pursuant to Sections 330(a), 331 and 503 of the Bankruptcy Code. Subject to the Court's approval and the cap described herein, Z&Z will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Z&Z will maintain detailed records of actual and necessary costs incurred in connection with the legal services described above.

  9. The names, position, and current normal hourly rate of the Z&Z professionals currently expected to have primary responsibility for providing services to the Committee are as follow:

  James Berman (Partner)    $500.00 per hour

  Stephen M. Kindseth (Partner)  $415.00 per hour

Z&Z has agreed to cap its hourly rate at $400.00.

  10. Upon information and belief, Z&Z does not represent and does not hold any interest adverse to the Debtors or the Debtors' estates in the matters upon which Z&Z is to be engaged, except to the extent as may be set forth in the annexed affidavit of James Berman; and Z&Z is a

disinterested person. Z&Z however is an established firm with an active practice, and it is possible that it may represent or have represented, or have relationships with, certain of the Debtors' creditors, professionals or other parties in interest or the professional for other parties, in matters unrelated to these Chapter 11 cases.

11. Because of the extensive legal services that may be necessary, the Committee believes that the employment of Z&Z to provide the services described above is appropriate and in the best interest of the constituency that the Committee represents.

12. Due to the exigencies of these cases, it was not possible for this application to be filed prior to Z&Z commencing to provide legal services to the Committee. Accordingly, the Committee requests that any order authorizing the Committee to retain Z&Z be entered <u>nunc pro tunc</u> to August 30, 2016.

13. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee requests that an order enter authorizing (i) the Committee's retention of Zeisler & Zeisler, P.C. as its counsel as of August 30, 2016; (ii) the payment and reimbursement of Zeisler & Zeisler, P.C. fees and disbursements, subject to interim and final allowance thereof in accordance with Sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) such other and further relief as may be just and proper.

Dated this 31st day of August, 2016.

                    THE COMMITTEE OF UNSECURED
                    CREDITORS FOR HEBREW HEALTH CARE,
                    INC.; HEBREW LIFE CHOICES, INC.; HEBREW
                    COMMUNITY SERVICES, INC.; HEBREW
                    HOME AND HOSPITAL, INCORPORATED AND
                    CT GERIATRIC SPECIALTY GROUP, P.C.

By: _____
Honor S. Heath, Senior Counsel
The Connecticut Light and Power Company d/b/a Eversource
Chairman of the Official Committee of Unsecured Creditors